IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DONALD ARBOLEDA**, | Civil Case No. 3:10-1144-KI |
| Plaintiff(s), | OPINION AND ORDER |
| v. | |
| **MICHAEL J. ASTRUE, Commissioner of Social Security**, | |
| Defendant(s). | |

Merrill Schneider
Schneider Law Offices
P.O. Box 14490
Portland, OR 97293

    Attorney for Plaintiff

Dwight C. Holton
United States Attorney
District of Oregon

Page 1 - OPINION AND ORDER

Adrian L. Brown
Assistant United States Attorney
1000 SW Third Ave., Suite 600
Portland, OR 97204

Kathy Reif
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Ave., Suite 2900 M/S 221A
Seattle, WA 98104-7075

   Attorneys for Defendant

KING, Judge:

Plaintiff Donald Arboleda brings an action pursuant to 42 U.S.C. § 405(g) of the Social Security Act to obtain judicial review of a decision of an Administrative Law Judge ("ALJ") denying his application for disability insurance benefits ("DIB"). The Commissioner has filed a Motion to Dismiss [13] on the basis that the ALJ's decision is not a final decision.

## BACKGROUND

Arboleda's initial application for DIB was denied initially and, on February 10, 2004, on reconsideration. His application asserted disability on the basis of hearing loss. He was unrepresented and he did not request a hearing. When he did not appeal the denial on reconsideration, the February 10, 2004 decision became the final decision.

Arboleda filed a subsequent application on May 16, 2007, asserting disability for the same period as his first application. The application was denied initially on June 22, 2007. He obtained counsel on August 31, 2007, and, on October 4, 2007, he submitted a Disability Report complaining of ringing in his ears which affected his sleep and his ability to hear instructions.

Pl.'s Ex. 3 at 1.  He indicated Dr. Martin at the Harney Behaviorial Health Clinic was treating him for "horrible mood swings[.]"  Id. at 2.  He reported taking Valproic Acid for his mood.  He complained of experiencing "really bad mood swings.  When things get too busy I get really stressed."  Id. at 4.  On November 14, 2007, the Commissioner denied his application upon reconsideration.  Arboleda requested a hearing before an Administrative Law Judge ("ALJ") on December 31, 2007.  On August 19, 2008, the ALJ issued a decision dismissing Arboleda's request for a hearing on the basis of *res judicata*.  The ALJ concluded that Arboleda had failed to "present[] any new and material evidence, and in fact, performed substantial gainful activity as a long-haul truck driver for over a year in 2006-07 well after his insured status had expired."  Def.'s Ex. 2 at 3.  In sum, he found no reason to reopen Arboleda's first application.

Arboleda submitted to the Appeals Council a report prepared on September 6, 2007 by Stephen W. Bull, MSW, of the Harney Behaviorial Health Clinic, in which Bull diagnosed Bipolar Disorder NOS.[1]  Bell commented that Arboleda had come into the clinic twice before, once in 2002, when he was diagnosed with Depressive Disorder NOS, and once in 2003 for a DUII.  Bell noted that Arboleda had experienced mood swings "for a number of years" and "his earliest presentation began when he was 4-5 years old[.]"  Pl.'s Ex. 1 at 4.

The Appeals Council considered the additional evidence Arboleda submitted in support of his request for review, but denied his request on July 13, 2010, saying, "The Administrative Law Judge compared the evidence considered in your previous decision with that relating to your current claim before him and found no new and material evidence has been submitted[.]"  Def.'s

---

[1]There is no indication in the record whether the ALJ had this report.  It was prepared almost a year before the ALJ made his decision, but the Appeals Council specifically referred to the report as "additional evidence[.]"  Def.'s Ex. 3 at 2.

Page 3 - OPINION AND ORDER

Ex. 3 at 1.  The Appeals Council "found no reason under our rules to review the Administrative Law Judge's dismissal."  Id.  It additionally commented, "In looking at your case, we considered the reasons you disagree with the dismissal and the additional evidence from Harney Behavioral Health dated September 6, 2007.  We found that this information does not provide a basis for changing the Administrative Law Judge's dismissal."  Id. at 2.

## LEGAL STANDARDS

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction.  The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his claims.  Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).  A Rule 12(b)(1) motion may attack the substance of the complaint, even though the allegations establish jurisdiction, and may rely on affidavits or other evidence before the court.  St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff fails to allege the "grounds" of his "entitlement to relief."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation omitted).  This means that, although a plaintiff need not allege detailed facts, the pleading must provide "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  A claim rises above the speculative level "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009).  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences

from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 929 (9th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949)).

**DISCUSSION**

The Commissioner moves to dismiss Arboleda's appeal of the ALJ's decision, arguing that this court lacks subject matter jurisdiction and that his complaint fails to state a claim. The Commissioner asserts that this court does not have jurisdiction to review the ALJ's dismissal of Arboleda's request for a hearing.

The parties appear to agree that 42 U.S.C. § 405(g) does not give this court jurisdiction to review the ALJ's dismissal of Arboleda's request for a hearing. That section provides in part:

> Any individual, after any final decision of the Commissioner of Social Security **made after a hearing** to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. §405(g) (emphasis added). The ALJ's decision to dismiss Arboleda's request for a hearing on the basis of *res judicata* was not a decision "made after a hearing." Id.; see also Krumpelman v. Heckler, 767 F.2d 586, 588 (9th Cir. 1985) (court has no jurisdiction to review a decision not to re-open a claim or a determination that such a claim is *res judicata*).

Nevertheless, where a plaintiff raises a "colorable constitutional claim" that "implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination," jurisdiction is premised on federal question jurisdiction under 28 U.S.C. § 1331. Evans v. Chater, 110 F.3d 1480, 1483 (9th Cir. 1997) (internal citations and corrections omitted). A constitutional claim is "colorable" if it is not "wholly insubstantial, immaterial, or frivolous." Id. (quoting Boettcher v. Sec'y of Health & Human Serv., 759 F.2d

719, 722 (9th Cir. 1985)). Where "the record is patently inadequate to support the findings the ALJ made, application of res judicata is tantamount to a denial of due process." Thompson v. Schweiker, 665 F.2d 936, 941 (9th Cir. 1982).

Arboleda relies on Thompson to support his theory that the ALJ denied him his due process rights when the ALJ applied the doctrine of *res judicata*. The difference is that in Thompson, the "record [was] patently inadequate to support the findings the ALJ made" making application of *res judicata* "tantamount to a denial of due process." Id. at 941. In that case, the ALJ failed to consider the claimant's lung disease, epilepsy, chronic alcoholism, ability to work only in a sheltered environment, and his lack of counsel in adjudicating the claim. In short, the ALJ "improperly invoked the res judicata doctrine." Id.

Here, we have a report prepared well in advance of the ALJ's decision,[2] diagnosing a condition that Arboleda has suffered from for his entire adult life while performing substantial gainful activity. The report further indicates Arboleda "admits to being able to control his mania" through his activities, opines Arboleda has a fair prognosis, provides no functional limitations, and assigns Arboleda a Global Assessment of Functioning score of 60.[3] This new evidence is more aligned with the medical report in Davis v. Schweiker, 665 F.2d 934 (9th Cir.

---

[2]Even if the ALJ did not review the Bull report, the Appeals Council did. Further, the ALJ had Arboleda's Disability Report reporting his moodiness and the medication he was taking to manage his condition.

[3]The GAF is a scale from 1-100, in ten point increments, that is used by clinicians to determine the individual's overall functioning. A GAF of 51 to 60 means "**Moderate symptoms** (e.g., flat affect and circumstantial speech, occasional panic attacks) **OR moderate difficulty in social, occupational, or school functioning** (e.g., few friends, conflicts with peers or co-workers)." The American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. 2000).

Page 6 - OPINION AND ORDER

1982), decided the same day as Thompson, which was insufficient to require reopening of an application for disability benefits; like the Bull report here, the medical report in Davis post-dated the initial denial and was unsupported by clinical evidence.

In sum, the decision to reopen a claim is discretionary. 20 C.F.R. § 404.987 (a). This kind of discretionary decision is not a "final decision" and is not subject to judicial review. 42 U.S.C. §405(g). Arboleda fails to raise a colorable constitutional claim to implicate federal jurisdiction.

## CONCLUSION

Defendant's Motion to Dismiss [13] is granted. Judgment will be entered.

IT IS SO ORDERED.

DATED this      12th      day of August, 2011.

           /s/ Garr M. King
Garr M. King
United States District Judge

Page 7 - OPINION AND ORDER